# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MARVIN L. REEVES**  **PLAINTIFF**
ADC #119838

V.                     NO. 4:21-cv-00422-KGB-ERE

**W. THOMAS HURT, Warden,**
**Tucker Unit; DEXTER PAYNE,**
**Director, Arkansas Division of Correction**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

This Recommendation for dismissal has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation.  Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

II.  **Background**

Plaintiff Marvin L. Reeves filed this *pro se* § 1983 lawsuit complaining that while he was held at the Tucker Unit of the Arkansas Division of Correction ("ADC"), Defendant W. Thomas Hurst, the Warden, and ADC Director Dexter Payne denied him a proper "appeal process."[1] *Doc. 2*. Mr. Reeves explains that, "the disc[iplinary] itself was not the issue, but the appeal process is the basis for my complaint in which I was denied proper procedure." *Doc. 2, p. 4* (emphasis in original).

Defendants have now moved to dismiss this lawsuit, arguing that Mr. Reeves has failed to plead a plausible constitutional claim for relief. *Doc. 9*. Mr. Reeves has not responded, and the time to do so has passed.

III.  **Discussion**

  A.  **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the

---

[1] Mr. Reeves attaches the Director's decision rejecting a grievance in which Mr. Reeves complained that the Warden thwarted him in appealing a disciplinary that resulted in "punitive days." *Doc. 2, p.6*. The Court construes Mr. Reeve's complaint to be that the Warden's delay in processing his disciplinary appeal denied him proper process in connection with the disciplinary.

2

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must be enough to "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

**B.   Analysis**

Mr. Reeves's complaint alleges a flawed "appeal process" to challenge a prison disciplinary. Assuming, solely for purposes of the pending motion, that Mr. Reeves suffered a deprivation triggering a constitutional right to procedural due process,[2] those rights did not extend to the appeal of the disciplinary decision.

An inmate's rights to procedural due process in connection with a disciplinary hearing are limited. Generally, before a deprivation triggering a liberty interest is

---

[2] A prisoner may bring a due process challenge to his disciplinary proceeding only if it resulted in punishment sufficient to create a "liberty interest." See *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (a constitutionally protected liberty interest in the prison context will generally be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life").

The grievance indicates that Mr. Reeves received "punitive days" as a result of his disciplinary conviction. *Doc. 2, p. 6*. However, limited time in punitive isolation does not trigger a liberty interest requiring procedural due process protection. See *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding 30 days in punitive segregation was not an atypical and significant hardship under *Sandin,*).

As discussed below, because Mr. Reeves fails to allege the denial of any constitutionally required process, it is unnecessary to determine whether Mr. Reeves was subjected to an amount of punitive time sufficient to trigger the protections of the Fourteenth Amendment's Due Process Clause.

imposed, the inmate must be given: (1) 24-hour advance written notice of the alleged violation; (2) a hearing before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence (consistent with institutional safety); and (4) a written decision by the factfinder discussing the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). The procedural protections described in *Wolff* do *not* include the right to appeal a disciplinary decision. *Wolff*, 418 U.S. at 565 (accepting Nebraska system's failure to provide for administrative review of disciplinary decisions).[3] Therefore, Mr. Reeve's complaints about a flawed disciplinary appeals process cannot give rise to a plausible claim that his due process rights were violated.

To the extent that Mr. Reeves is complaining, as Defendants suggest, that he could not grieve his complaints about the disciplinary appeal process, that allegation also fails to state a claim. The law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

---

[3] *See also Murphy v. Colorado Dept. of Corrections*, 381 Fed. Appx. 828 (10th Cir. 2010) (classified sex offender prisoner failed to state a due process violation where he was not allowed to appeal the classification, as no constitutional right to such an appeal exists); *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) ("[T]he Supreme Court has already determined that there simply exists no due process right to such an appeal.") (citing *Wolff,* 418 U.S. at 564-66); *Boles v. Weist*, 849 F.2d 608, *1 (6th Cir. 1998) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction."); *Platt v. Brockenborough*, 476 F.Supp.2d 467, 469-70 (E.D. Pa. 2007) (holding that prisoners have no constitutional right to appeal the decision of a disciplinary hearing); *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("*Wolff* does not provide for any right to an appeal[.]").

Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants W. Thomas Hurst and Dexter Payne's motion to dismiss (*Doc. 9*) be GRANTED.

2. Plaintiff Marvin L. Reeve's claims be DISMISSED, with prejudice.

3. The dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 16th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE