IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARVIN L. REEVES**  **PLAINTIFF**
**ADC #119838**

v.  Case No. 4:21-cv-00422-KGB

**W. THOMAS HURST,**
**Warden, Tucker Unit,** *et al.*  **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 13). Plaintiff Marvin L. Reeves has filed objections to the Recommended Disposition (Dkt. No. 14). After reviewing the Recommended Disposition, Mr. Reeves's objections, and conducting a *de novo* review of the record, the Court adopts Judge Ervin's Recommended Disposition in full as this Court's findings in all respects (Dkt. No. 13). The Court grants the motion to dismiss of defendants W. Thomas Hurst and Dexter Payne (Dkt. No. 9). The Court writes separately to address Mr. Reeves's objections.

**I.  Background**

Mr. Reeves filed his complaint without the help of a lawyer complaining that, while he was held at the Tucker Unit of the Arkansas Division of Correction ("ADC"), defendants denied him a proper "appeal process." (Dkt. No. 2). Mr. Reeves attaches to his complaint the Director of the ADC's decision rejecting a grievance that he filed complaining that Warden Hurst thwarted his appeal of a disciplinary that resulted in "punitive days." Judge Ervin construes Mr. Reeves's complaint to be that Warden Hurst's delay in processing his disciplinary appeal denied him proper process (Dkt. No. 13, at 2 n.1).

Defendants filed a motion to dismiss in response to Mr. Reeves's complaint (Dkt. No. 9). Defendants contend that Mr. Reeves has not stated a plausible constitutional claim for relief; they maintain Mr. Reeves had not pled a viable due-process claim in his complaint because he does not have a liberty interest in the administrative remedy procedure (Dkt. No. 10, at 4 (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Defendants further assert that Mr. Reeves does not have a liberty interest in avoiding punitive segregation (*Id.*, at 6 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Finally, defendants assert that Mr. Reeves's claim is barred to the extent it seeks damages related to a disciplinary conviction (*Id.*, at 7 (citing *Heck v. Humphrey*, 512 U.S. v. 477 (1994)).

After defendants filed their motion to dismiss, Mr. Reeves filed a motion for assistance of counsel (Dkt. No. 11). In the motion, Mr. Reeves stated that he is illiterate and that he is a mental health patient (*Id.*). He asserts that he does not have capacity or ability to argue his case thoroughly and that he is housed in a locked down facility (*Id.*). The Court denied without prejudice Mr. Reeves's motion for assistance of counsel (Dkt. No. 12).

Judge Ervin assumed for purposes of ruling on the defendants' motion to dismiss that Mr. Reeves had suffered a deprivation sufficient to trigger a constitutional right to procedural due process, but Judge Ervin found that those rights did not extend to the appeal of the disciplinary decision (Dkt. No. 13, at 3-4 (citing *Wolff v. McDonnel*, 418 U.S. 539, 564-66 (1974) (setting out the process due an inmate before deprivation triggering a liberty interest)).

Mr. Reeves objects to Judge Ervin's Recommended Disposition claiming that the Court erred in denying his motion for assistance of counsel, and he asks that the Court deny defendants' motion to dismiss (Dkt. No. 14, at 1).

## II. Analysis

Upon a *de novo* review of the record, Mr. Reeves's objections fail to rebut Judge Ervin's Recommended Disposition. While the Court understands that Mr. Reeves believes that he lacks the education and resources necessary to respond to the defendants' motion to dismiss, civil litigants do not have an automatic right to appointed counsel. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Even when the Court construes all of Mr. Reeve's factual allegations in his favor and gives him the full benefit of a liberal construction of the law, Mr. Reeves's claims fail under the controlling law.

## III. Conclusion

For these reasons, the Court adopts Judge Ervin's Recommended Disposition in full as this Court's findings in all respects (Dkt. No. 13). The Court grants the defendants' motion to dismiss (Dkt. No. 9). The Court dismisses Mr. Reeves's claims without prejudice (Dkt. No. 2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order adopting the Recommended Disposition and the accompanying judgment would not be taken in good faith.

It is so ordered this the 28th day of February, 2022.

.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge